**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1630**

BLANCA IDANIA AQUINO-MENENDEZ; H.I.S.A.; S.N.S.A.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 11, 2025                          Decided:  August 6, 2025

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition for review denied by unpublished per curiam opinion.

**ON BRIEF:** Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Germantown, Maryland, for Petitioners.  Brian Boynton, Principal Deputy Assistant Attorney General, Julie M. Iversen, Senior Litigation Counsel, Robert Michael Stalzer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Blanca Aquino-Menendez, on behalf of herself and her two minor daughters H.I.S.A. and S.N.S.A., petitions for review of the order of the Board of Immigration Appeals upholding the immigration judge's denial of Aquino-Menendez's application seeking asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Finding no reversible error, we deny the petition for review.

I.

Aquino-Menendez and her daughters are natives and citizens of El Salvador. On November 23, 2016, two men came to Aquino-Menendez's house and told her she had 24 hours to vacate the premises, or she and her daughters would be killed. Aquino-Menendez did not know the men or see any tattoos, but she believed them to be gang members based on the way they talked and dressed. Aquino-Menendez began making plans to leave El Salvador for the United States, where her husband was living.

Less than a week later, Aquino-Menendez encountered the same men on the street. They pointed a gun at her head and told her that if she did not leave the area, they would kill her daughters first and then her. Aquino-Menendez reported the threats to the police, packed up her belongings, and left with her children. The family stayed briefly with Aquino-Menendez's aunt, who lived about 40 minutes away, and left El Salvador on December 2, 2016.

---

[1]     H.I.S.A. and S.N.S.A. were named as derivative beneficiaries in Aquino's asylum application, but they did not file their own applications for withholding of removal or protection under the Convention Against Torture.

2

Aquino-Menendez and her daughters entered the United States on December 13, 2016. They were intercepted immediately and briefly detained. After determining that Aquino-Menendez and her children were not lawfully present in the country, the government commenced removal proceedings. Aquino-Menendez conceded removability but sought asylum, withholding of removal, and protection under the CAT. The immigration judge ("IJ") found Aquino-Menendez's testimony credible and adequately corroborated by her other evidence but denied her application because the evidence failed to satisfy the statutory requirements for relief. The Board adopted the IJ's opinion and dismissed Aquino-Menendez's appeal.

## II.

Under the Immigration and Nationality Act, the Attorney General may confer asylum on a "refugee," which is defined as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "The asylum-seeker bears the burden of demonstrating her refugee status," and must demonstrate a well-founded fear of persecution on account of a protected ground because of a threat by the government or by an organization the government is unable or unwilling to control. *Velasquez v. Sessions*, 866 F.3d 188, 193-94 (4th Cir. 2017). "[W]ithholding of removal covers a narrower . . . set of circumstances than asylum," and requires the applicant to "demonstrate a clear probability of persecution." *Yi Ni v. Holder*, 613 F.3d 415, 427 (4th Cir. 2010) (cleaned up). Because of the higher

3

evidentiary threshold, "an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal." *Id.* (cleaned up).

The immigration judge concluded that the threats made against Aquino-Menendez and her children were severe enough to amount to past persecution and that she had a well-founded fear of future persecution based on those threats. The IJ nonetheless denied relief because Aquino-Menendez had not demonstrated that the persecution was on account of a protected ground. The Board adopted and affirmed the IJ's decision, agreeing that the threats amounted to persecution and that Aquino-Menendez had not established a nexus between the persecution and a statutorily protected ground. [2]

We have reviewed the administrative record and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the dispositive ruling that Aquino-Menendez failed to establish the statutorily required nexus between the claimed protected grounds and the asserted past persecution or the feared future persecution, *see Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824 (4th Cir. 2020) (explaining

---

[2] The IJ also concluded, in the alternative, that Aquino-Menendez had not demonstrated that the government would be unable or unwilling to protect her. Because the Board did not consider this aspect of the IJ's ruling, neither do we. *See Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) ("When the Board adopts the analysis used by the IJ but supplements it with its own reasoning, we review both decisions," but "we limit our consideration of the IJ's opinion to the portions that have been adopted and incorporated into the Board's decision.") (cleaned up).

4

that appellate review of the agency's nexus determination "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence") (cleaned up). Aquino-Menendez's evidence did not establish that the men threatened her because of her political opinions, actual or imputed, or because of her membership in a particular social group. Even accepting that Aquino-Menendez's proposed social group— mother of H.I.S.A. and S.N.S.A—was cognizable, there is no evidence showing that Aquino-Menendez was targeted because she was the mother of  H.I.S.A. and S.N.S.A. Indeed, there is no evidence at all explaining *why* the men targeted Aquino-Menendez. While it is possible that their actions were politically motivated, it is just as likely from the record before us that they were apolitical criminals who simply wanted to steal Aquino-Menendez's house. We therefore find no reversible error in the Board's rejection of Aquino-Menendez's asylum claim. And because Aquino-Menendez's asylum application fails, her withholding of removal application necessarily fails as well. *See Yi Ni*, 613 F.3d at 427.

### III.

"To succeed on a CAT claim, an applicant must show that it is more likely than not that he or she would be tortured in the country of removal." *Herrera-Martinez v. Garland*, 22 F.4th 173, 185 (4th Cir. 2022) (cleaned up). "Torture is (1) any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person in a manner that is (2) by or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (cleaned up). "The agency's factual findings—including its predictions about the likelihood of future mistreatment and government acquiescence—are

5

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ponce-Flores v. Garland*, 80 F.4th 480, 484 (4th Cir. 2023) (cleaned up).

The IJ concluded, and the Board agreed, that Aquino-Menendez failed to demonstrate that she had been tortured in the past or that she would likely be killed or tortured with the knowledge or acquiescence of the government if she returned to El Salvador. We have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings and that substantial evidence supports the denial of relief. *See Nasrallah v. Barr*, 590 U.S. 573, 584 (2020).

IV.

Accordingly, for the foregoing reasons, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW DENIED*